**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

MICHAEL LYNN GROVES,

                                    Plaintiff,

         - v -                            Civ. No. 7:12-CV-904
                                                         (GLS/RFT)

COMMISSIONER OF SOCIAL SECURITY,

                                    Defendants.

**APPEARANCES:**                              **OF COUNSEL:**

OFFICE OF CHRISTINE A. SCOFIELD         CHRISTINE A. SCOFIELD, ESQ.
Attorney for Plaintiff
506 East Washington Street, Suite D
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION         SIXTINA FERNANDEZ, ESQ.
Attorney for Defendant
Office of Regional General Counsel
Region II
26 Federal Plaza – Room 3904
New York, New York 10278

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

On June 3, 2012, counsel for Michael Lynn Groves initiated this action, pursuant to 42 U.S.C. § 405(g), seeking review of a decision by the Commissioner of Social Security denying his application for disability benefits. Dkt. No. 1, Compl.[1] On November 13, 2012, Defendant filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that because Groves failed to file this federal action within the proscribed sixty-day filing period, the Court lacks

---

[1] On that same date, Groves sought permission to proceed with this action *in forma pauperis* ("IFP"). Dkt. No. 2, IFP App.

subject matter jurisdiction to entertain the action. Dkt. No. 11. Groves opposes the Motion. Dkt. No. 13. For the reasons stated below, it is recommended that Defendant's Motion be **granted** and this case be **dismissed**.

## I. BACKGROUND

Groves filed two applications seeking disability insurance payments due to a disability beginning on September 29, 2008.[2] Dkt. No. 10-2, Donald Ortiz Decl., dated Aug. 8, 2012, Ex. 1, Admin. Law Judge Dec., dated Aug. 25, 2010. On May 26, 2010, Groves appeared by video for a hearing before an administrative law judge ("ALJ"); at that time Plaintiff was represented by Christine Scofield, Esq. *Id*. In a written decision, dated September 24, 2010, the ALJ found that Groves retained the residual functional capacity ("RFC") to perform a full range of sedentary work and that jobs exist in the economy that he would be able to perform. *Id*. Upon Groves's timely request for review, the Appeals Council, February 17, 2012, found no basis to review the ALJ's decision and denied the request for review, thus making the ALJ's findings the final decision of the Commissioner. Ortiz Decl., Ex. 2.

Within the Notice of Appeals Council Action is information regarding the claimant's entitlement to file a civil action in federal court, which must be commenced sixty days after receipt of that Notice. *Id*. Additionally, there was direction that an extension of the sixty-day time period could be requested of the Appeals Council; such request must be in writing and there must be "good reason" provided. *Id*. In accordance with that Notice, to be considered timely, Plaintiff must have commenced this action on or before April 23, 2012; the present action was filed on June 3, 2012.

---

[2] Groves filed a Title II application for a period of disability and disability insurance benefits on December 30, 2008, and filed a Title XVI application for supplemental security income on March 6, 2009.

## II. DISCUSSION

### A. Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing FED. R. CIV. P. 12(b)(1)). Federal courts are "duty bound . . . to address the issue of subject matter jurisdiction at the outset." *Filetech S.A. v. France Telecom S.A.*, 157 F.3d 922, 929 (2d Cir. 1998). "In resolving the question of jurisdiction, the district court can refer to evidence outside the pleadings and the plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that [jurisdiction] exists." *Luckett v. Bure*, 290 F.3d 493, 496-97 (2d Cir. 2002) (citations omitted); *see also Societe Nationale d'Exploitation Industrielle des Tabacs et Allumettes v. Salomon Bros. Int'l Ltd.*, 928 F. Supp. 398, 402 (S.D.N.Y. 1996) ("[T]he Court need not accept as true contested jurisdictional allegations and may resolve disputed jurisdictional facts by reference to affidavits and other materials outside the pleadings.") (citing cases).

### B. Timely Filing

Absent Congressional consent to be sued, the United States is immune from suit and federal courts lack subject matter jurisdiction to entertain the suit. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoted in *Makarova v. United States*, 201 F.3d at 113). Where the United States waives sovereign immunity and consents to be sued, the terms of such consent define the court's jurisdiction to entertain the suit. *Id*. In the case at bar, the express Congressional consent to suit can be found at 42 U.S.C. § 405(g), which authorizes judicial review of cases arising under Title II of the Social

Security Act.[3]  Section 405(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

It is clear from this statute that judicial review is only permitted in accordance with the terms therein:

> The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405(h).

The sixty-day limitation period has been deemed subject to equitable tolling, which, in light of Congress's intent to be "unusually protective" of social security claimants, application of such tolling is frequently appropriate. *State of New York v. Sullivan*, 906 F.2d 910, 917 (2d Cir. 1990); *see also Bowen v. City of New York*, 476 U.S. 467, 479-82 (1986) (finding that equitable tolling applies to the limitations period contained in 42 U.S.C. § 405(g)). "However, equitable tolling requires a showing of both extraordinary circumstances and due diligence." *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005). Clearly, this Court does not have jurisdiction to hear Groves's appeal unless equitable tolling applies.

---

[3] According to the Defendant's Motion, Plaintiff also filed an Application for Supplemental Security Income ("SSI"), which the ALJ did not address because Plaintiff had been found disabled under that portion of the Social Security Act. We note that the same judicial review provided for in 42 U.S.C. § 405(g) is applicable to SSI cases *via* 42 U.S.C. § 1383(c)(3). *See* 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title.").

In opposing the Defendant's Motion, Attorney Scofield acknowledges that her filing of the action on June 3, 2012, was untimely, however, she, in essence, asks the Court to consider applying equitable tolling for her client so that the case could proceed. Dkt. No. 13. According to Ms. Scofield, the following scenario prevented her from timely filing this action. First, she asserts that because her client is indigent and could not afford the filing fee, she prepared a form for his signature asking the Court to relieve him of the filing fee obligation. *Id*. at p. 1. Then, when she received that paperwork back from Groves, she "set to work to complete the remaining documents." *Id*. However, there were computer failures at her office that took "a couple of days to get the problem analyzed and the repair done," and even when the rest of her office was up and running, she continued to have problems with her computer, which took "a couple more days to solve[.]" *Id*. at pp. 1-2. The documents were ready to be filed with the Court on April 27, 2012, which the Court notes is four days past the date upon which this action would have been timely filed. However, she was unable to file this action on that date due to this District's requirement that new actions filed by attorneys are to be submitted electronically, a fact counsel should have been familiar with given her experience litigating social security appeals in this Court. For one reason or another, Attorney Scofield's secretary could not scan the documents so that they could be uploaded to the Court's Case Management Electronic Case Files ("CM/ECF") System. Attorney Scofield claims that, approximately twenty-four days later, on May 21, 2012, she wrote to the Appeals Council seeking an extension based on "good cause," but no response has ever been received from the Appeals Council. *Id*. at p. 2. Counsel "finally brought the documents to FedEx to scan the documents so we could file them properly and they were then filed." *Id*. Counsel states that through this ordeal, she had been suffering from pain on her left knee, which contributed to slowing her down.

In sum, Attorney Scofield contends that "the combination of computer and health problems created extraordinary circumstances that should properly permit the tolling of the statute. . . . [and b]ut for those problems and the Court's Rules requiring online submission the case would have been filed by the deadline of April 23, 2012." *Id*.

As noted above, "the doctrine of equitable tolling permits courts to deem filings timely where a litigant can show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstance stood in his way.'" *Torres v. Barnhart*, 417 F.3d at 279 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). "[T]he failure of a retained attorney to timely file a federal social security complaint does not necessarily constitute an extraordinary circumstance warranting equitable tolling[.]" *Id*. at 280 (internal quotation marks and citations omitted). Attorney misconduct rises to a level warranting tolling when more than ordinary, "garden variety" mistakes are made. *See Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011) (finding extraordinary circumstances where the attorney did more than merely miscalculate a deadline, counsel "affirmatively and knowingly misled" his client by promising a timely filing, and yet "failed to follow his client's instruction, with disastrous consequences that Dillon could neither have foreseen nor prevented"); *Baldayaque v. United States*, 338 F.3d 145, 151-52 (2d Cir. 2003) (noting that equitable tolling should apply where the attorney refused to listen to the client, failed to conduct any legal research, and spoke to the client, and further noting that "at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary"); *see also Holland v. Florida*, 560 U.S. 631 (2010) (holding "that a garden variety claim of excusable neglect . . . such as a simple miscalculation that leads a lawyer to miss a filing deadline . . . does not warrant equitable tolling.").

The Court finds that the facts of this case present nothing more than garden variety neglect

*-6-*

or miscalculation and do not justify tolling of the limitations period. Indeed, by Attorney Scofield's admission, her original submission of the Complaint to the Clerk of the Court, *via* facsimile, was outside of the limitations period. Scofield's Opposition to Defendant's Motion focuses mostly on the efforts she and her staff expended upon learning that she could not initiate an action in this District *via* facsimile, a fact that should have been known to her given her experience initiating actions in this District. Yet, she never explains why her initial attempt to commence this lawsuit fell outside the relevant sixty-day period. Notably, the Complaint in this action is one page long and includes nominal information, as is par for the course with social security appeals.[4] There is no explanation provided to the Court as to why that one-page Complaint could not have been presented for filing well before April 27. Counsel merely states that, on some unspecified date, she prepared a form for her client seeking permission to waive the filing fee, presumably the undated Motion for Leave to Proceed *In Forma Pauperis* ("IFP") that accompanied the filing of the Complaint, and that no work had been expended on the Complaint until the IFP form had been returned to her. She does not state when the form was returned to her from her client, nor how long it took for her to get the necessary documents together for filing. Similarly, the gap of time in between her initial interaction with Clerk's Office staff on April 27, 2014, wherein Counsel was advised as to how to properly file the Complaint, and her eventual filing of the action on June 3, 2012, simply do not exhibit the type of diligence that would warrant equitable tolling.

---

[4] The Court notes that the Complaint filed by Attorney Scofield mirrors the *pro forma* complaint that is available on this District's website for claimants wishing to appeal unfavorable social security decisions. *See* Northern District of New York website, "Form Complaint for Appeal of a Decision by the Commissioner of Social Security, *available at* http://www.nynd.uscourts.gov/sites/nynd/files/forms/ssformcomp.pdf. This pre-printed *pro forma* complaint prompts a litigant to enter the following brief information: 1) plaintiff's name; 2) city and state of plaintiff's residence; 3) last four digits of plaintiff's social security number; 4) caption on the Commissioner of Social Security's final decision; and 5) date and signature of attorney. *Id*. Additionally, the Action of the Appeals Council is attached to the complaint.

While the Court acknowledges the remedial nature of the Social Security statute, based upon what has been presented, we can neither find that Counsel acted diligently nor that her actions constituted extraordinary circumstances. And because we find that Scofield's actions amount to nothing more than attorney neglect, we must recommend that this action be dismissed for failure to timely file.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendant's Motion to Dismiss (Dkt. No. 11) be **granted** and this action be **dismissed** as untimely filed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: October 1, 2014
Albany, New York

Randolph F. Treece
U.S. Magistrate Judge